**STATE OF HAWAII**, Plaintiff–Appellant, v. **MARION SCHMIDT**, Defendant–Appellee

NO. 13141

(CR. NO. 88–0049)

MAY 12, 1989

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND INTERMEDIATE COURT OF APPEALS JUDGE HEEN, IN PLACE OF NAKAMURA, J., RECUSED

OPINION OF THE COURT BY LUM, C.J.

The issue in this appeal is whether the trial court's exclusion of the Deputy Public Defender from the courtroom during the impaneling of the Kauai Grand Jury violated the statutory provisions governing impanelment and warranted dismissal of the indictment against the Defendant. We conclude that the closing of the courtroom during the impanelment of the grand jury constituted a substantial violation of the statutory procedures and that such violation was presumptively prejudicial to the rights of the Defendant. We therefore affirm the lower court's dismissal of the indictment.

I.

On January 7, 1988, Deputy Public Defender James Jung entered the courtroom during the impaneling of the 1988 Kauai Grand Jury while prospective jurors were being questioned concerning their qualifications. Upon noticing the presence of Mr. Jung, the Deputy Prosecuting Attorney approached the bench and requested that Mr. Jung be removed during the impaneling proceedings. The court then ordered Mr. Jung out of the courtroom over his objection. The only persons allowed to remain in the courtroom during the impaneling proceedings were the prospective grand jurors, the judge, the court clerk, court reporter, and the prosecutor.

Subsequently, on February 21, 1988, Defendant Marion Schmidt was indicted by the Kauai Grand Jury for Promoting Prison Contraband in the First Degree in violation of Hawaii Revised Statutes (HRS) § 710–1022(1)(b). Defendant moved to dismiss the indictment on May 9, 1988 on the ground that the grand jury was improperly impaneled. The circuit court entered an order dismissing the indictment on May 24, 1988, holding that the exclusion of the Deputy Public Defender during the impaneling of the Kauai Grand Jury was a substantial failure to comply with the statutory requirements of the impaneling process. The State appeals.

## II.

### A.

We first consider the State's contention that the lower court's order dismissing the indictment should be set aside because the findings of fact and conclusions of law are not supported by substantial evidence in the record. The State argues that the court relied on items which were not submitted into evidence during the hearing on the motion to dismiss indictment, in particular the transcript of the proceedings of impaneling of the 1988 Kauai Grand Jury on January 7, 1988.[1] An uncertified copy of the transcript was proffered to the court as an exhibit to Appellee's motion to dismiss the indictment and as such was made a part of the record on appeal.

We find that the trial court was entitled to consider the facts contained in the transcript even though it was not formally entered into evidence. The accuracy of the transcript has not been challenged by the State either in the court below or on appeal. *See* HRS § 641–16 (1985). Indeed, in the State's "Motion in Opposition to Dismiss Indictment" filed in the court below, as well as in oral argument on the motion to dismiss, the Prosecuting Attorney conceded that the Public Defender was ordered out of the courtroom during the impaneling proceedings, as described in the transcript.

Moreover, Hawaii Rules of Appellate Procedure Rule 10(b)(2) provides:

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.

Thus, the burden was on the State to produce a transcript of the impanelment proceedings in order to support its contention on appeal that the

---

[1] The State also complains that the following items referred to in the order were not entered into evidence: (1) a 1976 study and report by the Western Regional Office of the National Center for State Courts for the Judicial Counsel of Hawaii; and (2) a conferral with the trial court judge. We find no merit to the State's argument. The referenced items were part of the order's introductory paragraph, and were not listed as findings of fact.

findings of the trial court were not supported by the evidence. This it did not do.

This court is likewise entitled to consider the copy of the January 7, 1988 transcript. While matters not properly presented to the trial court may not ordinarily be considered by the appellate court on appeal, an appellate court may in its discretion, take judicial notice of files or records of a case on appeal. *Eli v. State*, 63 Haw. 474, 478, 630 P.2d 113, 116 (1981); Hawaii Rules of Evidence, Rule 201. We will take judicial notice of the transcript of the January 7, 1988 impanelment proceedings, a copy of which is part of the record on appeal. While the copy of the transcript is not certified, its accuracy cannot reasonably be questioned. As noted above, the State does not challenge the facts reflected in the transcript and in fact, conceded these facts in its pleadings and during oral argument in the court below.

## B.

We turn now to the primary issue on appeal. Article I, section 10 of the Hawaii Constitution entitles a defendant charged with a felony offense to the screening process of a grand jury.[2] The procedure for impaneling the grand jury, however, is governed by HRS Chapter 612. The State claims that the indictment was improperly dismissed because the defendant failed to demonstrate substantial non-compliance with the chapter and resulting prejudice as required by HRS § 612-23.

HRS § 612-23 authorizes the court to quash an indictment on the ground of substantial failure to comply with the statutory requirements for the selection of the grand jury. The statute provides:

> If the court determines that in selecting either a grand jury or a trial jury there has been a substantial failure to comply with this chapter and that the moving party has been prejudiced thereby, the court shall stay the proceedings pending the selection of the jury in conformity with this chapter, quash an indictment, or grant other appropriate relief.

HRS § 612-16(b) sets forth the statutory procedure for impaneling a grand jury:

---

[2] Article I, section 10 provides: "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . ."

> For the impaneling of a grand jury, the prospective jurors . . .
> shall be summoned and the names of those who are present, and
> not disqualified, exempted, or excused, shall be placed in an ap-
> propriate container from which a drawing by lot shall be con-
> ducted in order to draw a sufficient number of names to consti-
> tute a grand jury. ***The drawing shall be made in open court*** in
> the presence of the judge, no earlier than one week after a publi-
> cation of notice of the time and place of drawing in a newspaper
> of general circulation published within the circuit for which the
> grand jury is drawn; provided that if there is no such newspaper,
> then after at least one week's posting of such notice in at least
> three conspicuous places in the circuit. (Emphasis added).

There is no question in the instant case that the trial court acted in violation of HRS § 612–16(b). The record indicates that the Deputy Public Defender requested to be present, but was ordered out of the courtroom by the judge at the request of the Deputy Prosecuting Attorney. Shortly thereafter, the drawing of the names of prospective jurors took place in a "closed" courtroom. By excluding the Deputy Public Defender, the court caused the impaneling of the grand jury to become closed in contravention of the express language of the statute.

The State's contention that only the "drawing" of names must be done in open court and that the public may be excluded at all other times during the impaneling process is not supported by the statute's provisions for publication and conspicuous posting and the underlying policy of openness. We find no merit to the contention that the public is invited only to observe the mechanical act of drawing names from a box. Indeed, even under this very narrow reading of § 612–16(b), the courtroom was closed as the record reflects that the Deputy Public Defender was excluded during the drawing itself.

Nor do we find any merit in the State's argument that denial of public access to the impaneling process is a mere technical violation of the law and not a "substantial failure to comply" within the meaning of HRS § 612–23(b). Allowing the public to observe the impanelment of the grand jury goes to the heart of insuring a fair and impartial grand jury. *See Stuart v. State*, 522 P.2d 288, 292 (Okla. Crim. App. 1974). As the circuit court observed, "[h]istorically, the grand jury is a screening process to protect the public from corrupt prosecution. The public has a right to know who those screeners are and to observe the process by which they

are selected. To close the door on the public is to deny the basic reason for having the grand jury process." *See* H. Schwartz, *Demythologizing the Historic Role of the Grand Jury*, 10 Am. Crim. L. Rev. 701, 702 (1972); *State v. Gortmaker*, 295 Or. 505, 512, 668 P.2d 354, 357–58 (1983). The exclusion of Mr. Jung from the courtroom during the impanelment of the Kauai Grand Jury clearly constituted a "substantial failure" to comply with the statutory requirements.

The State contends, however, that HRS § 612–23(b) requires the defendant to demonstrate prejudice resulting from the failure to comply with statutory procedures, and Defendant has not shown how the exclusion of the Deputy Public Defender prejudiced him in any way. We conclude that denial of public access to the selection process is presumptively prejudicial and therefore does not require a specific showing of prejudice. It would be difficult, if not impossible, for a defendant to point to a specific injury where he has been excluded from the impanelment proceedings. *See State v. Davis*, 60 Ohio App. 2d 355, 366, 397 N.E.2d 1215, 1222 (1978). Public access to the impanelment process goes to the heart of safeguarding the integrity of the grand jury. To require the defendant to prove a personal injury would impair or destroy the safeguard. *See Territory v. Scharsch*, 25 Haw. 429, 436 (1920).

We conclude, therefore, that the trial court's exclusion of the Deputy Public Defender from the courtroom during the impaneling of the Kauai Grand Jury constituted a substantial failure to comply with the requirement of HRS § 612–16(b) that the selection process be conducted "in open court." We further conclude that denial of public access to the impanelment proceedings is presumptively prejudicial and warrants dismissal of the indictment pursuant to HRS § 612–23(b).

The decision of the circuit court dismissing the indictment against the defendant is therefore affirmed.

*Alfred B. Castillo, Jr.*, First Deputy Prosecuting Attorney, for Plaintiff–Appellant.

*Peter Roberts* (*Galen Nakamura* and *Susan Barr* on the brief), Deputy Public Defenders, for Defendant–Appellee.